JAMES DAVIS v. EZRA O. PHILLIPS AND ELMINA S. PHILLIPS.

*Fraud—Undue influence—Mental incapacity—Setting aside conveyance.*

1. Weakness of mind alone is not sufficient to warrant the setting aside of a contract otherwise valid and free from any taint of fraud.

2. There are many degrees of competency, but business transactions are not to be measured by degrees. The sole question always is, has the party sufficient intelligence to understand the transaction?

3. The questions in this case are purely of fact, namely:

a—Did the defendant make false and fraudulent representations to the complainant, as alleged in the bill?

b—Was the complainant too weak-minded to understand the nature of the transaction and to make the contract?

On a review of the testimony, it is found insufficient to sustain the first charge, and the complainant's testimony shows that he was possessed of sufficient intelligence to understand the character of the transaction.

Appeal from Kent. (Grove, J.) Argued February 11, 1891. Decided April 17, 1891.

Bill to set aside a deed on the ground of fraud. Decree dismissing bill affirmed. The facts are stated in the opinion.

*J. A. Fairfield (Birney Hoyt, of counsel), for complainant, contended:*

1. Where property is obtained from a person of feeble mind for a grossly inadequate consideration, it is ι legal fraud for which the conveyance will be set aside; citing *Wartemberg v. Spiegel*, 31 Mich. 402; *Storrs v. Scougale*, 48 Id. 400; *McDaniel v. McCoy*, 68 Id. 332; *Crips v. Towsley*, 73 Id. 395.

2. Purchasing goods on credit with intent at the time not to pay

for them is fraud; citing *Doyle v. Mizner*, 40 Mich. 164; *Shipman v. Seymour*, Id. 283; *Ross v. Miner*, 67 Id. 413; *Meigs v. Dibble*, 73 Id. 111, 112; and the case at bar is analogous to this. The defendant represented that he was about to establish a stock company and manufacture the churns under his patent, and made other representations tending to show his ability to start such a company and his intent and preparation to do so, and the evidence shows that at the time he obtained the deed he had no such intent.

3. Where a person is about to sell property of the value of which he has a special and superior knowledge above that possessed by the vendee, it is fraud if, with intent to deceive, he falsely represents its value; citing *Picard v. McCormick*, 11 Mich. 68; *Swimm v. Bush*, 23 Id. 101; *Webster v. Bailey*, 31 Id. 36; *Jackson v. Collins*, 39 Id. 560; *Collins v. Jackson*, 54 Id. 190.

4. The facts and circumstances of this case show that the defendant deliberately cheated and defrauded the complainant, and, having made this exchange with such wicked and corrupt intent, it is fraud, without regard to any exact representations, and a general charge in the bill is sufficient; citing *Tong v. Marvin*, 15 Mich. 60; *Hubbard v. McNaughton*, 43 Id. 220; *Reeg v. Burnham*, 55 Id. 53.

*Montgomery & Bundy,* for defendants, contended:

1. Such a charge of fraud as is here made should be plainly and clearly proven, and is not to be presumed lightly, or where there is any theory fairly inferable from the testimony that is consistent with fair dealing; citing *Blish v. Collins*, 68 Mich. 542; and one who attempts to rescind a contract on the ground of fraud must do so promptly; citing *DeArmand v. Phillips*, Walk. Ch. 199; *Wilbur v. Flood*, 16 Mich. 45.

2. Where the testimony in a chancery suit involves only questions of fact, and is conflicting and nearly evenly balanced, and has been taken in open court, so that there was an opportunity to weigh it in the light of the appearance, manner, and deportment of the witnesses in giving it, the decree granted will not be reversed on appeal; citing *Green v. Langdon*, 28 Mich. 221; *Cummings v. Cummings*, 50 Id. 305; *Earll v. Earll*, 60 Id. 30; *Ushaw v. Mallett*, 64 Id. 45.

GRANT, J. On March 5, 1887, the complainant executed to the defendant Ezra O. Phillips a deed of a lot in the city of Grand Rapids. The consideration expressed in the deed was $2,500. The actual consideration, however, was

the transfer by the defendant to the complainant of a one-fourth interest in certain letters patent for an alleged new and useful improvement in churns. Both parties resided in Grand Rapids.

About a year and seven months afterwards complainant filed his bill of complaint in this cause to set aside the conveyance, on the ground that it was obtained by fraud on the part of the defendant. The fraudulent representations set up in the bill are that defendant represented himself to be the owner of said patent-right; that it was of the value of $10,000; that he was about to have formed a stock company to manufacture and sell churns under said patent; that he would at once have such stock company formed, and would cause to be transferred to complainant a certain portion of the capital stock of said company; that such churns could be lawfully manufactured and sold without any infringement upon the rights of others; that he was able to start said business; and that large profits could be realized therefrom. The bill further charges that complainant was unaccustomed to such business, was of weak mind, and easily imposed upon in business transactions, and that he relied upon these representations. The bill further charges upon information and belief that said patent-right is an infringement upon another patent-right, and that no goods can be legally manufactured under that of complainant.

The defendants demurred to that portion of the bill setting forth such infringement as too vague, uncertain, and indefinite to require answer. The demurrer was sustained by the decree of the court, from which decree the complainant did not appeal. The demurrer was properly sustained, and the proofs upon this record fail to make out any case of infringement.

The defendants answered the remaining portion of the

bill, issue was duly joined, the case heard in open court, and decree rendered for the defendants, dismissing the bill.

The questions involved are purely of fact, to be determined from the testimony of 11 witnesses on the part of the complainant, and 12 on the part of the defendants. The questions are:

1. Did the defendant Ezra O. Phillips make false and fraudulent representations to the complainant, as alleged in the bill?
2. Was the complainant too weak-minded to understand the nature of the transaction and to make the contract?

We see no good purpose to be subserved either to the parties litigant or to the public by setting forth the evidence in the case. We find no evidence of undue influence, and the proofs do not warrant the conclusion that the defendant was guilty of the false representations charged. The patent-right may have possessed no value or merit. The testimony upon this point is somewhat unsatisfactory, but it is shown by a clear preponderance of evidence that at the time of this transaction, and for some time afterwards, it was honestly considered by the defendant and others to be a valuable invention. The witness Cooper, a cousin of complainant, and a witness for him, evidently considered it of some value, for, at the same time of the sale to complainant, defendant also transferred an interest to Cooper in consideration of his undertaking to assist him in getting men of means interested in the matter. A model of the churn was tried, and was shown by defendant and Cooper to several citizens of Grand Rapids, who then believed it to be a valuable invention. Mr. Cooper, however, testified that he advised complainant not to buy, but he bought despite his advice. Whether the enterprise failed for lack of merit or lack of funds to manufacture and place the

churns upon the market is not at all clear, nor is it necessary to a determination of the issue here. If the complainant has failed to make out a case of undue influence or of fraudulent representation, that part of his case must fall. We think it entirely clear that in this respect he has failed.

The only other question is as to his competency to make a contract. Complainant was the owner of some $18,000 worth of property, consisting of houses and lots in the city of Grand Rapids, money loaned upon notes and mortgages, and money in the bank. He has always managed his own business affairs, often, however, taking the advice of his cousin, Mr. Cooper. He had been in business, and it does not appear to have occurred to any one to take proceedings to put him under guardianship. While weakness of mind is an important element for the consideration of the court in determining the nature of such transactions, yet weakness of mind alone is not sufficient to warrant the setting aside of a contract otherwise valid and free from any taint of fraud. There are many degrees of competency, but business transactions are not to be measured by degrees. The sole question always is, had the party sufficient intelligence to understand the transaction? The only medical testimony is that of a physician who had attended complainant, and treated him for a fever. His testimony is:

"I should judge him to be a man of rather feeble mind. I should look upon him as a person not qualified to enter into that kind of business at all, or to handle large sums of money. He is rather an imbecile,—an improperly developed, not developed. In some things, sometimes he would be quite rational; then again his mind is rather feeble,—feeble-minded. His mind is not proportioned to the development of his body and the physical and mental understanding."

The complainant was of small stature, and, on cross-

examination, the witness stated his theory as follows:

"The theory is that the greatest amount of development in corporeal heat or caloric heat in the system produces the greatest amount of energy, large brains in proportion. Take a large brain of a smally developed stature,—a very small man,—the caloric heat and development, there is a deficiency of locomotive power. They conceive, but never have the locomotive power and effect to carry into accomplishment."

Such testimony is valueless. The testimony of the complainant himself shows that he was possessed of sufficient intelligence to understand the character of this transaction.

The decree of the court below must be affirmed, with costs.

CHAMPLIN, C. J., MORSE and McGRATH, JJ., concurred. LONG, J., did not sit.